TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Maria.Gutierrez@usdoj.gov
Attorneys for Plaintiff

☐ FILED    ☒ LODGED

**Jan 08 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Amairany Guadalupe Armendariz Alvarez,<br><br>Defendant. | No. CR-25-00684-PHX-SMB<br><br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Amairany Guadalupe Armendariz Alvarez, hereby agree to resolve this matter on the following terms and conditions:

1.  **PLEA**

The defendant will plead guilty to Count 1 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 922(g)(5)(B) and 924(a)(8), Alien in Possession of Firearms, a Class C felony offense.

2.  **MAXIMUM PENALTIES**

a.     A violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(8) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of fifteen years, or both,

and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.    The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

- 2 -

immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## 3. AGREEMENTS REGARDING SENTENCING

a. <u>Stipulation: Sentencing Cap</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that defendant's sentence shall not exceed the low-end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). Nothing in this agreement shall preclude defendant from moving for a downward variance or sentence below the cap, or the court from imposing a sentence below the cap.

b. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

c. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d. <u>Recommendation: Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the

defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4.    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5.    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.    **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or

- 4 -

motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding

with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9.    **ELEMENTS**

Alien in Possession of Firearms

On or about April 9, 2025, in the District of Arizona:

1.    The defendant knowingly possessed firearms;

2.    The firearms were previously shipped or transported in interstate or foreign commerce;

3.    At the time the defendant possessed the firearms, the defendant was an alien admitted into the United States on a non-immigrant visa as defined by 8 U.S.C. § 1101(a)(26)[1] and not falling into any permitted exceptions pursuant to 18 U.S.C. § 922(y)(2)[2]; and,

---

[1] A "nonimmigrant visa" is a visa properly issued to an alien as an eligible nonimmigrant by a competent officer. 8 U.S.C. § 1101(a)(26). A competent officer is an officer or employee of the United States designated under the prescribed regulations to issue immigrant or nonimmigrant visas. Title 8, U.S.C. § 1101(a)(9). Title 8, U.S.C. § 1101(a)(15) identifies the different classes of nonimmigrant aliens.

[2] Subsection 18 U.S.C. § 922 (g)(5)(B) does not apply to any alien who has been lawfully admitted to the United States under a nonimmigrant visa, if that alien is—

(a) admitted to the United States for lawful hunting or sporting purposes or is in possession of a hunting license or permit lawfully issued in the United States;

(b) an official representative of a foreign government who is--
   i.  accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or
   ii. en route to or from another country to which that alien is accredited;

(c) an official of a foreign government or a distinguished foreign visitor who has

- 6 -

4.      At the time the defendant possessed the firearms, the defendant knew she had was admitted into the country under a nonimmigrant visa.[3]

## 10.   FACTUAL BASIS

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On April 9, 2025, I, Amairany Guadalupe Armendariz Alvarez, entered the United States at the port of entry in Nogales, Arizona. Because I am a Mexican National, I presented a B1/B2 visa issued to me to enter the United States. The B1/B2 visa is a non-immigrant visa. It was issued by an officer with the Department of State who had the authority to issue nonimmigrant visas.

After entering the United States, I traveled to Phoenix in a Nissan Altima. In Phoenix, I picked up the following firearms:

1. FN, model M249S, 5.56 x 45 mm caliber semi-automatic rifle, serial number M249SA10933;
2. FN, model M249S, 5.56 x 45 mm caliber semi-automatic rifle, serial number M249SA09905;
3. FN, model M249S, 5.56 x 45 mm caliber semi-automatic rifle, serial number M249SA10901; and
4. Colt, model Government, .38 Super Auto caliber semi-automatic pistol, serial number GV049309.

After picking up the firearms, law enforcement stopped me in the Nissan Altima and found the firearms. If law enforcement had not seized the firearms, I knew that the firearms were going to be smuggled into Mexico.

At the time that I possessed the firearms, I knew that I was admitted into the United States with a B1/B2 visa. I also knew as a B1/B2 visa holder, I was not a citizen or immigrant of the United States. I also knew that the

---

been so designated by the Department of State; or
(d) a foreign law enforcement officer of a friendly foreign government entering the United States on official law enforcement business.
[3] To prove this element, the government must show either that the defendant knew that the "visa was classified as a nonimmigrant visa or by showing that the defendant knew the visa possessed the components that constitute a nonimmigrant visa." *United States v. Gear*, 9 F.4th 1040, 1045 (9th Cir. 2021).

- 7 -

B1/B2 visa was issued to me for travel into the United States for either business or pleasure and that I could only be in the United States temporarily. I also knew that I could not possess firearms. Further, when I possessed the firearms, I did not have a hunting license, nor did I work for, represent a foreign government, or was designated a foreign government official or distinguished foreign visitor by the State Department. Thus, none of the exceptions under 18 U.S.C. § 922(y)(2) apply.

The firearms and ammunition were not manufactured in Arizona; therefore, the firearms and ammunition travelled in interstate or foreign commerce when they were found in Arizona.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

This agreement has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

12/12/2025
Date

AMAIRANY GUADALUPE ARMENDARIZ ALVAREZ
Defendant

-9-

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the ___ day of ___, 2025.

12/12/2025
Date

LOYD C. TATE
Attorney for Defendant

//

//

//

- 10 -

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Digitally signed by MARIA
GUTIERREZ
Date: 2025.12.15 14:25:29
-07'00'

_____
Date

MARIA R. GUTIERREZ
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

_____
Date

HONORABLE SUSAN M. BRNOVICH
United States District Judge

- 11 -